USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY DUPREE,

    Plaintiff,

    -against-

UNITED STATES OF AMERICA and
DIANE SOMMER, M.D.,

    Defendants.

18 Civ. 7073 (AJN)

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

    WHEREAS, on or about April 5, 2018, Plaintiff Courtney Dupree ("Plaintiff") filed a complaint (the "Complaint") commencing the above-captioned action (the "Action"), against the United States of America ("the United States"), Diane Sommer, M.D., and Scott Murray, M.D., asserting claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA Claims"), and against Drs. Sommer and Murray under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971) (the "*Bivens* Claims), relating to his medical care while in the custody of the Federal Bureau of Prisons;

    WHEREAS, on January 1, 2019, the United States and Drs. Sommer and Murray answered the Complaint;

    WHEREAS, on February 5, 2020, Plaintiff voluntarily dismissed his claims against Dr. Murray;

    WHEREAS, Plaintiff has decided to voluntarily dismiss all claims against Dr. Sommer pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with prejudice, and all remaining parties who have appeared in the Action consent to such dismissal;

WHEREAS, Plaintiff and the United States have reached a settlement of Plaintiff's FTCA Claims;

WHEREAS, Plaintiff represents that he has incurred more than $20,000 in litigation costs, advanced by his attorneys and reimbursable from the gross settlement amount before the attorney fee is calculated pursuant to Plaintiff's retainer agreement, in this Action;

WHEREAS, Plaintiff was previously convicted of criminal violations and is subject to monetary restitution obligations imposed by a judgment of conviction in *United States v. Dupree*, 10 Cr. 627 (KAM) (VVP) (E.D.N.Y.), attached hereto as Exhibit A;

WHEREAS, on February 18, 2014, the Court entered a judgment against Plaintiff, which set forth his restitution obligations, including the payment of 25% of his gross monthly income after deductions required by law while on supervised release and thereafter, until fully paid, *see* Dkt. No. 733, 10 Cr. 627 (KAM) (VVP) (E.D.N.Y.);

WHEREAS, in September 2017, Plaintiff agreed with the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of New York to pay $270.00 per month toward his restitution obligation;

WHEREAS, Plaintiff has missed certain of those payments (the "Arrears");

WHEREAS, as a result of his failure to make certain of the payments required by Exhibit A, Plaintiff has been placed in the Treasury Offset Program;

WHEREAS, the parties contemplate that the Net Settlement Proceeds, as defined in this Stipulation, do not constitute "gross income" as set forth in Exhibit A, and will not be used to calculate the monthly restitution payment owed by Plaintiff;

2

WHEREAS, the parties contemplate that the Restitution Amount, as defined in this Stipulation, will count against the Arrears Plaintiff owes on his restitution;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, that the above-captioned action shall be resolved as between them as follows:

1. This Action is hereby dismissed as against all defendants with prejudice, without interest, costs, attorneys' fees or disbursements to any party, except as specified in paragraphs three and five of this Stipulation and Order of Settlement and Dismissal (the "Stipulation").

2. This Stipulation shall not constitute an admission of liability or fault on the part of the United States, or any of its present or former departments, agencies, agents, officials or employees.

3. The United States will pay the sum of one hundred and fifty thousand dollars ($150,000.00) (the "Settlement Amount") in connection with Plaintiff's FTCA Claims. As Plaintiff previously voluntarily dismissed his *Bivens* Claims against Dr. Murray, and has now agreed to voluntarily dismiss his *Bivens* Claims against Dr. Sommer with prejudice and without payment, no portion of the Settlement Amount is attributable to the *Bivens* Claims. The Settlement Amount is inclusive of all costs or attorneys' fees of any kind, in accordance with 28 U.S.C. § 2678, and any and all liens and fees are to be satisfied by Plaintiff out of the Settlement Amount. Pursuant to 28 U.S.C. § 2678, counsel for Plaintiff may not charge, demand, receive or collect fees amounting to greater than 25% of the Settlement Amount.

4. Payment of the Settlement Amount set forth in paragraph three above shall be made by the United States, in the amount of $150,000, by wire to Rickner PLLC, as attorney for Plaintiff Courtney Dupree (the "Wire"), to the account provided by Rickner PLLC.

3

5.      The Settlement Amount shall be distributed as follows: (i) $16,666.67 to Plaintiff's attorney, Rickner PLLC and the Law Offices of Paul S. Haberman LLC, for reimbursement of costs and disbursements generated in connection with the Action ("Costs and Disbursements"); (ii) $33,333.33, which is 25% of the balance of the Settlement Amount (after subtracting Costs and Disbursements), to Ricker PLLC and the Law Offices of Paul S. Haberman LLC for payment of legal fees generated in connection with the Action ("Attorney's Fees"); (iii) $50,000.00 for payment toward restitution, which is 50% of the balance of the Settlement Amount (after subtracting Costs and Disbursements and Attorney's Fees) (the "Restitution Amount"); and (iv) $50,000.00, which is 50% of the balance of the Settlement Amount (after subtracting Costs and Disbursements and Attorney's Fees) to Plaintiff (the "Net Settlement Proceeds"). Within 7 days of the clearance of the Wire, Rickner PLLC shall send, by overnight mail, a certified check, bank check, or money order in an amount no less than fifty thousand dollars ($50,000.00) (the Restitution Amount) payable to the "Clerk of the Court" for the United States District Court for the Eastern District of New York, with the following designation in the memorandum line, "Payment by Defendant Courtney Dupree toward Restitution in *United States v. Dupree*, 10 Cr. 627 (KAM) (VVP) (E.D.N.Y.)."

6.      Plaintiff agrees that the Settlement Amount is in full settlement and satisfaction of any and all claims and demands that he or his heirs, executors, administrators or assigns may have or hereafter acquire against the United States or any of its present or former departments, agencies, agents, officials or employees on account of the events, circumstances or incidents giving rise to this Action and all claims incident thereto, including but not limited to any such claims asserted by Plaintiff in the Complaint. Plaintiff hereby releases and forever discharges

4

defendant the United States and any of its present or former departments, agencies, agents, officials or employees from any and all claims and liabilities arising directly or indirectly from the circumstances or incidents giving rise to this lawsuit and all claims incident thereto, including but not limited to any claims asserted by Plaintiff in the Complaint.

7. Plaintiff further agrees to indemnify and hold harmless the United States, its departments, agencies, agents, officials and employees from any and all such causes of action, claims, rights or subrogated interests arising directly or indirectly from the subject matter of this Action, including any claims arising from the assignment of claims and liens upon the settlement proceeds, and further agrees to reimburse or advance, at the option of counsel for the United States, any expense or cost that may be incurred incident to or resulting from such further litigation or the prosecution of claims by the Plaintiff against any third-party.

8. This Stipulation and Order shall be binding upon and inure to the benefit of the parties and their principals, agents, representatives, heirs, successors and assigns.

9. This Stipulation and Order shall not be interpreted to resolve Plaintiff's obligation to pay criminal restitution, in accordance with Exhibit A, which remains outstanding. Further, Plaintiff agrees to resume making the required monthly payments toward his restitution obligation.

10. The terms of this Stipulation and Order shall become effective upon entry of this Stipulation and Order by the Court.

11. The Parties understand and agree that this Stipulation and Order contains the entire agreement between them and that no statements, representations, promises, agreements or

negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: New York, New York
   April 30, 2020

   RICKNER PLLC
   *Counsel for Plaintiff*
   *Courtney Dupree*

By: _____
   ROBERT RICKNER, ESQ.
   233 Broadway Suite 2220
   New York, New York 10279
   Telephone: (212) 300-6506
   Facsimile: (888) 390-5401
   Email: rrickner@gmail.com

Dated: New York, New York
   April ___, 2020
   May 4

   GEOFFREY S. BERMAN
   United States Attorney for the
   Southern District of New York
   *Attorney for Defendants*

By: _____
   RACHAEL L. DOUD
   Assistant United States Attorney
   86 Chambers Street, 3rd Floor
   New York, New York  10007
   Telephone: (212) 637-3274
   Facsimile: (212) 637-2786
   E-mail:  rachael.doud@usdoj.gov

LAW OFFICES OF PAUL S. HABERMAN
*Counsel for Plaintiff*
*Courtney Dupree*

By: _____
PAUL S. HABERMAN, ESQ.
19 Engle Street
Tenafly, New Jersey 07670

Telephone: (201) 564-0590
Facsimile: (201) 767-2087
Email: psh@paulhabermanlaw.com

By: _____  4/30/20
COURTNEY DUPREE
Plaintiff

SO ORDERED:   5/8/20

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

7