# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/22/20__

July 13, 2020

**Via ECF**

Hon. Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

SO ORDERED. 7/22/20

Alison J. Nathan, U.S.D.J.

The government is hereby ordered to show cause within a week of this Order as to why it has yet to make a payment in this matter. SO ORDERED.

      Re:    *Dupree v. United States of America, et al.*, 18-CV-7073 (AJN) (GWG)

Dear Judge Nathan,

We represent Plaintiff Courtney Dupree in the above-captioned action, and we write to enforce the settlement agreement entered into between Mr. Dupree and the United States of America.

After three years of litigation, including all fact discovery, and expert discovery, the parties reached a resolution of Mr. Dupree's civil rights claims during summary judgment briefing. The Stipulation and Order of Settlement and Dismissal was filed on May 4, 2020 and it was so-ordered by this Court on May 8, 2020. *See* Ex. A. After more than two months, no payment has been made, and according to the United States, it could take two or three more weeks, although there is no guarantee it will even be paid by then. Mr. Dupree, who is suffering financially during this pandemic, needs his settlement monies, and thus we now move to enforce timely payment.

For Federal Tort Claims Act ("FTCA") cases, payment is made through the Judgment Fund, run by the Department of the Treasury. 31 U.S.C.A. § 1304 (a)(3)(A) ("Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when … (3) the judgment, award, or settlement is payable-- (A) under section … 2672, or 2677 of title 28"). This Fund was "was intended to establish a central, government-wide judgment fund from which judicial tribunals administering or ordering judgments, awards, or settlements may order payments without being constrained by concerns of whether adequate funds existed at the agency level to satisfy the judgment." *Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1583 (Fed. Cir. 1994).

The Stipulation states that "The terms of this Stipulation and Order shall become effective upon entry of this Stipulation and Order by the Court." Ex. A ¶11. So payment was due upon entry on May 8, 2020. And even without a specific deadline, "the law implies a requirement to pay within a reasonable time." *Matter of Rio Grande Transp., Inc.*, 770 F.2d 262, 264 (2d Cir. 1985). Further, the Fund's website states that payment will typically be made within two to four weeks. *See* https://www.fiscal.treasury.gov/judgment-fund/faqs.html.

Rickner PLLC

Mr. Dupree has been waiting two months, and could be waiting far more, given that the United States was not, or cannot, say exactly when he will be paid. This is unreasonable, and the United States should be ordered to pay within seven days, and if they do not, judgment should be entered against the United States so that Mr. Dupree can begin accruing interest to compensate him for this delay. *See Dockery v. United States*, 663 F. Supp. 2d 111, 126 (N.D.N.Y. 2009) (explaining that under the FTCA only post-judgment interest is permitted).

Respectfully,

/s/

Rob Rickner
*Attorney for Plaintiff*